UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WESLEY GARRETT,

               Plaintiff,

                                                **MEMORANDUM & ORDER**
      v.                                          19-CV-6101 (WFK) (LB)

WOLFFER ESTATE VINEYARD, INC.,

               Defendant.
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** Before the Court is the motion of Defendant Wolffer Estate Vineyard, Inc. ("Defendant") to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

Plaintiff Wesley Garrett ("Plaintiff"), a former employee of Defendant, has been diagnosed with Type 1 diabetes. Compl. at 5, ECF No. 1. On May 2, 2018, Plaintiff received a notice of termination of employment. The reason for his termination, as stated on the notice, was "absenteeism." *Id.* However, prior to being handed the termination notice, Plaintiff alleges his boss, Suellen Tunney, told him: "Ever since you got sick, we've tried to work with you, but this isn't working out." *Id.* Plaintiff also contends he was surprised to learn of his "absenteeism" because he "had no set work schedule," only worked as "needed to complete [his] work projects and responsibilities," and had recently received an "outstanding" performance review and a bonus. *Id.*

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") based upon Defendant's alleged conduct on July 26, 2018. *Id.* at 6. On July 30, 2019, the EEOC sent Plaintiff a Dismissal and Notice of Rights ("DNR"), informing Plaintiff of his right to file a lawsuit pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 to 12117, within 90 days of receipt of the DNR. *Id.* at 10.

1

On October 29, 2019, Plaintiff filed the instant Complaint, alleging Defendant violated the ADA by failing to accommodate his disability and by terminating his employment. *Id.* Upon filing the Complaint, Plaintiff also moved to proceed *in forma pauperis*, which the Honorable Magistrate Judge Lois Bloom granted on November 1, 2019. Order, ECF No. 6. Magistrate Judge Bloom also directed the United States Marshals Service ("USMS") to serve the summons and Complaint on Defendant. *Id.* The USMS served the summons and Complaint on Defendant on March 31, 2021.

On September 15, 2021, Defendant filed a motion to dismiss the Complaint as time-barred and deficient under Federal Rule of Civil Procedure 4(m). Def. Mem. at 6, ECF No. 16-1.

## LEGAL STANDARD

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citation omitted). Nevertheless, "a *pro se* plaintiff 'must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action.'" *Wilber v. U.S. Postal Serv.*, 10-CV-3346, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (Ross, J.) (quoting *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (summary order)).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). To establish facial plausibility, a plaintiff must plead "factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard is not a "probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations and quotations omitted). In deciding a motion to dismiss, district courts must "assess the legal feasibility of the complaint, not . . . assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (internal citation and quotation marks omitted). The Court must "accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Nonetheless, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. The Court may also consider "any written instrument attached to the complaint, [and] statements or documents incorporated in it by reference." *Novick v. Vill. of Wappingers Falls, New York*, 376 F. Supp. 3d 318, 330 (S.D.N.Y. 2019) (Karas, J.) (quoting *Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014) (internal quotation marks omitted)).

## DISCUSSION

### I. Plaintiff's Complaint Is Timely

"Under Title VII and the Americans with Disabilities Act, a claim must be filed in federal court within 90 days of the plaintiff's receipt of a right-to-sue letter from" the EEOC. *Johnson v. St. Barnabas Nursing Home*, 368 F. App'x 246, 248 (2d Cir. 2010) (summary order); 42 U.S.C. §§ 2000e-5(f)(1) (setting forth the 90-day limitations period under Title VII), 12117(a) (extending the Title VII time limitation to the ADA). This 90-day limitations period "begins to

3

run on the date that a right-to-sue letter is first received . . . by the claimant. . . ." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 38 (2d Cir. 2011). Moreover, there is a presumption "that a mailed document is received three days after its mailing" and "that a notice provided by a government agency has been mailed on the date shown on the notice." *Karupaiyan v. Experis IT*, No. 21 CIV. 4675 (LGS), 2022 WL 4280529, at *3 (S.D.N.Y. Sept. 15, 2022) (Schofield, J.) (quoting *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525–26 (2d Cir. 1996)). These presumptions, "while convenient and reasonable in the absence of evidence to the contrary, are not irrebuttable." *Dubreus v. N. Shore Univ. Hosp.*, No. 12 CV 940 DRH GRB, 2012 WL 5879110, at *3 (E.D.N.Y. Nov. 20, 2012) (Hurley, J.) (quoting *Sherlock*, 84 F.3d at 526) (internal quotations omitted). "Indeed, the Second Circuit has made clear, even in the context of a motion to dismiss, that if a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred" that receipt of the notice occurred on a date other than that arising under the presumption, then "the initial presumption is not dispositive." *Id.* (quoting *Sherlock*, 84 F.3d at 526) (internal quotation marks and alterations omitted).

Defendant claims Plaintiff failed to file the Complaint within the 90-day limitations period. The EEOC mailed a DNR to Plaintiff on July 30, 2019. Accordingly, Plaintiff is presumed to have received the notice on August 2, 2019, which, in the absence of evidence sufficient to defeat the presumption, would require the Plaintiff to file a Complaint in connection with that claim by October 31, 2019. Plaintiff filed his Complaint on October 29, 2019, so if the presumption applies, the Complaint is timely.

In his form Complaint, Plaintiff states he received a Notice of Right to Sue letter from the EEOC on July 30, 2019. Compl. at 6. However, in a sworn affidavit in response to Defendant's

4

motion to dismiss, Plaintiff avers that when filling out his Complaint, he "recollect[ed] the date [he] received the DNR incorrectly." Pl. Resp. at 2, ECF No. 15. Plaintiff variously ascribes this error to his mental state and his disability, and the Court notes the Complaint, as drafted, presents "the unlikely scenario that plaintiff received the right to sue letter the same day it was mailed." *Id.*; *McKeever v. Nassau Univ. Med. Ctr.*, No. 17-CV-6355 (JFB) (GRB), 2018 WL 4473549, at *3 (E.D.N.Y. Aug. 29, 2018) (Brown, Mag. J.), *report and recommendation adopted*, 2018 WL 4471638 (E.D.N.Y. Sept. 18, 2018) (Bianco, J.); *Connell v. J.P. Morgan Inv. Mgmt., Inc.*, No. 93 CIV 5940 (JSM), 1994 WL 132148, at *2 (S.D.N.Y. Apr. 12, 1994) (Martin, J.) ("Although plaintiff's complaint alleges that he received notice of his right-to-sue from the EEOC on February 23, 1993, the right-to-sue letter itself is dated February 23, 1993, thus rendering it highly unlikely that notice was received on that date."). Taking all of Plaintiff's factual allegations as true, *see Rivera v. Children's & Women's Physicians of Westchester, LLP*, No. 16 CIV 714 (PGG) (DCF), 2017 WL 1065490, at *9 (S.D.N.Y. Mar. 18, 2017) (Gardephe, J.), the evidence regarding the date on which Plaintiff received the DNR is ambiguous, and the Court thus applies the presumption that he received the Notice of Right to Sue letter on August 2, 2019. *See Sopko v. Ridge View Manor*, No. 10-CV-158A, 2010 WL 2553454, at *2 (W.D.N.Y. June 22, 2010) (applying the presumption that notice is received three days after mailing, despite plaintiff's allegation that he received the right to sue letter the same day it was mailed, where plaintiff later argued that he "confused the date of mailing with the date or receipt"). Plaintiff's Complaint is therefore timely, and the motion to dismiss is denied on this basis.

II. <u>Plaintiff's Complaint Complies with Fed. R. Civ. P. 4(m)</u>

According to Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action

5

> without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [plaintiff's] control." *Cyrus v. Lockheed Martin Corp*, No. 20-CV-6397 (AMD) (TAM), 2022 WL 203750, at *4 (E.D.N.Y. Jan. 24, 2022) (Donnelly, J.) (quotations and citations omitted); *Maitland v. Lunn*, No. 14-CV-5938 (JS) (AKT), 2017 WL 1088122, at *7 (E.D.N.Y. Mar. 21, 2017) (Seybert, J.).

Here, Plaintiff filed the Complaint on October 29, 2019. On November 1, 2019, Judge Bloom granted Plaintiff's request to proceed *in forma pauperis* and directed the USMS to serve the summons and complaint on Defendant. Defendant was served on March 31, 2021, well after the 90-day limit for service of the summons and complaint pursuant to Fed. R. Civ. P. 4(m).

However, there is "good cause" to extend the time for service in this action. Following Judge Bloom's Order, Plaintiff relied on the USMS to effect service on Defendant. Pro se plaintiffs proceeding *in forma pauperis* "are entitled to rely on the Marshals to effect service, and the failure of the Marshals Service to properly effect service of process constitutes 'good cause' within the meaning of Rule 4(m)." *Cyrus*, 2022 WL 203750, at *4 (internal citations, quotations, and alterations omitted); *Tinsley v. Town of Brookhaven Dep't of Pub. Safety*, No. 14-CV-7277 (JS) (ARL), 2017 WL 744570, at *4 (E.D.N.Y. Feb. 24, 2017) (Seybert, J.) (extending time to complete service for Plaintiff—proceeding *in forma pauperis* and relying on service by the USMS— because "the delay in service was caused by circumstances outside Plaintiff's control" and "good cause" thus existed). Moreover, the Court was aware of Plaintiff's reliance on the USMS—it had, in fact, ordered such service—and Plaintiff was diligent in providing the USMS

with the necessary information to serve Defendant. Plaintiff's reliance on the USMS to effect service thus constitutes "good cause" for the purposes of Rule 4(m), justifying an extension of time to complete service to March 31, 2021. Service was therefore compliant with Rule 4(m), and Defendant's motion to dismiss on that basis is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied. The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and terminate the motion pending at ECF No. 16.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 9, 2022
Brooklyn, New York